Which brings us then to Reyes v. Crothall Healthcare, Inc. I think we were missing Appellee's Council. Is everybody here now? Good. Okay. Thank you very much, Marina. All right, Mr. Charton. Am I pronouncing that right? Good morning, and may it please the Court. I represent Daisy Reyes, the appellant in this case. Thank you for granting time for argument. Are you Charton or Chartan, or how do you pronounce it? Charton is fine. Charton. All right. And you reserve two minutes for rebuttal. Oh, yes. I'm sorry. Okay. Go ahead. Daisy Reyes is asking this Court to reverse the District Court's granting of summary judgment that dismissed her lawsuit against Crothall Healthcare so that a jury can decide issues concerning her accident and whether or not she's entitled to recover for her personal injuries from Crothall. Now, the evidence that was presented to the District Court on the motion for summary judgment demonstrated that Crothall was and remains the special employer of the housekeepers at Elmhurst. Let me ask you to take a step back, though, because my question to you is if, in fact, your client and the allegedly negligent housekeeper were both general employees of HHC, regardless of whether or not Crothall was a special employer, wouldn't the exclusivity provision of workman's compensation under New York law apply? That's the question. That is the question, and thank you. They're co-employees, right? If they're co-employees, the allegedly negligent person is a co-employee with your client, then the exclusive remedy is worker's comp, right? Except in the circumstance where the employee becomes a special employee of Crothall, in which case Crothall would have direction and control of what that employee does on a day-to-day basis, and that's really the question that was before the Court. I don't think that's correct. I think if they're general employees, then they're both general employees of HHC. I think the special employee issue in this particular case would be irrelevant to the worker's compensation issue. Am I wrong about that? Your Honor, I believe that under New York law in this case ---- That would make it a non-exclusive remedy, what you're suggesting, that if both people are general employees of one company, if one of the ---- if there's also a special employee relationship, then it's a non-exclusive remedy, right? It would be ---- it would not be the exclusive remedy in the circumstance where the employee, who is the housekeeper, working under the direction and control where you overcome the presumption of general employment, causes the accident that's suffered by, in this case, Daisy Reyes. And I think that the cases in New York, starting with Thompson and continuing down to the Fung v. Japan Airlines case ---- That's not ---- I looked at that case. That case was when ---- they weren't co-employees of Port Authority. That was a case where one was a Port Authority employee and the other one was an employee of a managing agent. There was no ---- there was no ---- where both were the general employees of the same company. There is no New York case that I think you can cite where the allegedly negligent employee was a co-employee at the general employee level where workman's compensation has found not to apply. You can give me the case and I'll look at it, but I couldn't find it. Well, I think that there are cases, and in particular, at least in the eastern district ---- They cite cases with the opposite effect. Isabella v. Hallock, they cite a whole bunch of cases that say that even third parties in that situation have no derivative claims when there's co-employees who are involved, right? The Hallock case was a little bit different, Your Honor, in that that involved the exclusivity of workers' comp when measured against the vehicle and traffic law. And in that case, the Court of Appeals, on a certification from the Second Circuit, said that there would be no right to claim over. About Alfonso v. Pacific, Appellate Division 2012, it says workers' compensation extends to dual employment situations, even where there is a relationship with a general and special employer. What about that case? Candidly, I'm not familiar with that case, Your Honor. It did not come up in my research. And how about all the cases? This goes to the issue that you were going to discuss, which is whether or not Crowthall is a special employer. But every New York court, New York State court at least, I know there's one case, Santorelli, but all the New York court cases have all found that Crowthall is not a special employer, right? Perkins, Gelato. Maybe not Crowthall, but there is the Lotz v. Aramark case from the Second Department in New York. Which one? Lotz, L-O-T-Z v. Aramark. It is not a Crowthall case. However, that case did hold that even in the case of special employment, Lotz could make claim for the injuries that were suffered as a result of negligence of a housekeeper working under the direction and control of Aramark in that case. What about Perkins? Perkins, an appellate division case, 2017, said that HHC did not surrender control of the housekeeping because it paid them at final decision-making power to hire, discipline, or fire. It didn't say that, but obviously they point to the fact that there's a collective bargaining agreement that HHC has. And on weekends, for example, there's no Crowthall supervisors at all on the weekend. So why isn't Perkins, among other cases, clear that what New York views with respect to this particular company is that they're not a special employer? Well, for example, in the Perkins cases, I remember it, and in all these other cases, these are very fact-intensive cases as to exactly what the relationship is. Nobody pointed to. I quoted the — this is what they pointed to. We can only go by what they said was the dispositive facts. And they said that they pay the staff's wages, and they had the final decision-making power to hire, discipline, or fire any of its members. And that's undisputed here, right? But those facts are the same. In fact, the health and hospitals did pay the wages, and in the final — the final decision-making as to hiring and firing was retained by health and hospitals, which we, as pointed out, in that case — in this case also involved unionized employees. But I think the point that I want to make, Judge, is that when you look at the cases in New York, they're very fact-intensive, and they don't necessarily stop at who pays wages or who hires and fires. Instead, they really look at the direction and control that concern the day-to-day activities of the employees under question. And the point that we're making is that when all the facts are considered, there were issues of fact which should have led the district court to at least deny the motion for summary judgment so that there could be a trial on these issues. And I think that that is really the substance of the appeal here, and it's really whether or not the district court decided issues as opposed to finding disputed issues. And my time is about to expire, and unless there are further questions, I'll save for rebuttal. Roberts. Okay. Thank you. Ebelin. Ebelin, Your Honor. Ebelin. Okay. May it please the Court. Where one co-employee injures another, that injured employee's exclusive remedy is workers' compensation. And Judge Bianco hit the nail on the head. Special employment in this case has really always been a red herring because it is undisputed that the two employees here were still general employees of HHG. That funnels the exclusive remedies through the statute and, as has been made abundantly clear for at least 70 years now, to include the more recent Isabella case, exclusive means exclusive. And that means that you can't bring a derivative action, as Isabella and some of the other cases noted, based on the negligence of the co-employee. And that is what the plaintiffs are trying to do in this action. Special employment, I think what the Court may have noted as well, what's also interesting about this case is in the work comp setting, special employment has always been used by employers as additional protection to extend to the borrowing employer beyond just the general employer. It's never been used as a means to circumvent work comp. There is not any case law that has ever expressly endorsed doing that. And while it's not necessary for the Court to evaluate whether as a doctrine in workers' compensation you can use special employment as a means to avoid the workers' compensation statute, there is simply no case authority that is ever authorized. The only way they could prevail is if your client was both the general employee and the special employee, that the nature of the relationship was such that the allegedly negligent housekeeper was no longer a general employee of HHC. That would be the only way they could prevail in this case, right? If the allegedly negligent housekeeper was not a co-employee of the plaintiff, correct. But because they were a general employee of your client. Correct. Correct. And that's clearly not the facts here. There have never been any — there's never even been an argument advanced to suggest as much. We would submit that while the trial court's analysis in applying the facts to special employment was correct, that analyzing special employment here in this context wasn't necessary, as this Court has observed. Once we establish that two general employees injured, one injured the other, that funnels everything through the exclusive remedy provisions of the statute. You think the Santorelli case is just wrong? It is, Your Honor. It's not distinguishable, really. It's really just — It's incorrect from the standpoint that it did not go through the appropriate general employee analysis to put things into workers' compensation. It jumped immediately to evaluating special employment and whether there were issues of fact, when on the record before it, the facts before it were indistinguishable from the Thompson case as far as what's necessary for general employment to exist. Can you address — I'm not familiar with this Lotz case that was mentioned. I didn't — can you address that case? I can, Your Honor. The Lotz case wasn't a workers' compensation statute case at all. So the workers' compensation statute as a defense to bar the negligence claim wasn't even asserted in that case. So it's plainly distinguishable on that ground. Unless the panel has further questions, I think I've adequately addressed the issues. We would ask that this Court affirm the summary judgment order of the trial court. Thank you. Mr. Chartman, you have two minutes. Thank you, Your Honors. Respectfully, we submit that the Santorelli case is really a guiding case for the analysis that should be undertaken here. We think that the issue is where there's general employment. If the vendor, in this case Crothall, comes in and takes direction and control over the work that is being done and it results in the injury to an employee of the owner, in this case Health and Hospitals, Ms. Reyes, then Ms. Reyes has the right to claim for her injuries against Crothall. And we think that New York law provides for that. But if there's any doubt as to whether or not that is the state of New York law, especially in the economy that we have right now, then we would respectfully request, as we did in our brief, ask the Court to certify the question to the New York Court of Appeals. And unless the panel has any other questions, I've concluded my argument. And I thank you. Thank you, Mr. Chartman. We'll reserve decision. Thanks very much. We have one other matter that is on the calendar, but it's not for argument. It's on submission. So we'll reserve on that as well. So that concludes our argument for this morning. Thanks very much. The Clerk will adjourn the Court.